1DECUIR, Judge.
This is an appeal by the City of Kaplan from the judgment of the Office of Workers’ Compensation in favor of Frank P. Lemaire, Sr. The City of Kaplan contends that the workers’ compensation judge erred, in finding that Lemaire proved by clear and convincing evidence that he is permanently and totally disabled and in denying the City’s request to terminate benefits pursuant to La.R.S. 23:1221(3)(d)(iii).
Frank P. Lemaire, Sr., was injured on July 24,1992, while employed by the City of Kap-lan when the tractor he was driving rolled over, pinning him underneath the tractor face down in a puddle of water, where he remained for several minutes. Lemaire became sixty-two years old approximately two weeks after the accident. He received compensation benefits at the rate of $662.85 per month until December 14, 1993, at which time the City received an offset for social security retirement benefits in the amount of $75.58 per week pursuant to a consent judgment.
|2On November 1,1995, the City initiated a disputed claim for compensation requesting that it be allowed to terminate SEB pursuant to La.R.S. 23:1221(3)(d)(iii). Interestingly, the City contends benefits were reclassified as SEB by stipulation of the parties. The record indicates, however, that the City reclassified the benefits unilaterally. Lemaire countered that he was totally and permanently disabled and, therefore, is entitled to permanent total disability benefits.
In order to prove entitlement to permanent total disability benefits, Lemaire has the burden of proving by clear and convincing evidence, unaided by any presumption of disability, that he is physically unable to engage in any employment or self-employment, regardless of the nature or character of the employment or self-employment, including but not limited to, any and all odd-lot employment, sheltered employment, or employment while working in any pain. La.R.S. 23:1221(2)(c). The City contends that Le-maire is not entitled to permanent total disability benefits, because he is able to perform “sheltered employment” which was approved by his physicians and the vocational rehabilitation specialist, Mark Cheair.
The workers’ compensation judge’s determinations on credibility and whether a claimant has discharged his burden of proof are not to be disturbed on review unless manifestly erroneous. Bruno v. Harbert International, Inc., 593 So.2d 357 (La.1992). Because we find no manifest error, we affirm.
Dr. Jack Hurst, Lemaire’s treating neurosurgeon, diagnosed a closed head injury and multiple rib fractures as a result of the accident. Lemaire was also treated by Dr. Phillip Perett, a pulmonologist. According to his physicians, Lemaire developed subcutane *1232 ous emphysema which is related to his injuries. The record reflects that Lemaire suffers from headaches, pain in his low back, ribs and right shoulder. He also suffers from dizziness, nausea, and vomiting. Dr. Hurst on two occasions after the accident opined that claimant was 100% disabled for life. In | <jMay of 1993, the City offered Le-maire a job position which involved answering the telephone one hour a day. Although Lemaire’s physicians approved this position, the workers’ compensation judge concluded that the position offered is not valid “sheltered employment,” and that “sheltered employment” consists of more than what was offered to Lemaire. We agree. As the judge noted:
... The position is useless, certainly from the employer’s perspective. No one currently answers the phone during the lunch hour, and the employer does not even require that Mr. Lemaire take messages ... Further, despite Mr. Cheair’s optimistic opinion that Mr. Lemaire may build stamina, there was no real evidence that any of the experts believe Mr. Lemaire would ever be able to do anything more than the one hour per day.
From our review of the record, the workers’ compensation judge also correctly concluded there is no reasonable probability that claimant may be rehabilitated with appropriate training or education to the extent he could achieve suitable gainful employment.
Because we find no error in the workers’ compensation judge’s ruling that Lemaire is permanently and totally disabled, defendant’s remaining assignment of error is moot.
The judgment of the Office of Workers’ Compensation is affirmed. Costs of appeal are assessed to the City of Kaplan.
AFFIRMED.